GELSTON, Respondent, v. WHITESIDES et al., Appellant.

In an action on an injunction bond, the judgment of dissolution is conclusive, and the only question is the amount of damage sustained.

But where an injunction is dissolved, and the suit in which it issued is dismissed by the action of the party, this is no admission that the injunction was improperly sued out. In such case, to maintain an action on the bond, it must be shown that there was no proper cause for the injunction.

APPEAL from the Sixth Judicial District.

This action was brought against defendants, on an injunction bond. Plaintiff averred that he was lawfully seised of a certain tract of land, describing it, and engaged in cultivating it, &c. That on the 6th January, 1851, the defendants procured the injunction to be issued, restraining him from fencing, improving, &c., the said premises; and that to procure the same, the said defendants made their bond to plaintiff in the penalty of $5000. That the injunction was set aside and dismissed, on the 9th of June, 1851, by the court; that by reason thereof he had sustained damage, whereby he became entitled to the said penal sum of $5000, for which he prayed judgment, &c.

The answer of defendants denies that plaintiff was the lawful owner of the premises, and avers that they had good right to the said injunction, and that the same was not dismissed by order of the court, but by the consent and act of these defendants, and denies the damage claimed, &c.

The record, and other evidence, is voluminous in this case, but it is deemed unnecessary to report it, as the cause turned, in this court, upon the distinction between the case of an injunction dissolved by the court, improperly issued out, or improperly obtained, and one dismissed by the act of the parties.

In this case, the injunction was dismissed on the party's own motion. Plaintiff then commenced this action.

The court charged the jury, that the only question they had to decide was, whether any damage had been sustained by the plaintiff, by reason of the injunction; that the question of title was not for their consideration, as the issue should be narrowed

exclusively to the question in regard to the legal damages, if any, proved to have been sustained by the plaintiff. But in the consideration of the question of damages, they should not regard consequential damages, but merely such as legitimately flowed from the act of issuing the injunction. Defendants excepted to the charge.

The jury found for plaintiff $1750 damages, for which judgment was entered, and [defendants appealed, the court having denied a rehearing.

*Williams*, for appellants.

The court erred in charging, that the only question for the determination of the jury, was what damages plaintiff had sustained, without regard to his right to the land, or whether he had any or not; and in rejecting our evidence of title. If we had title, we had a right to issue the injunction; but the court ruled out all evidence of title, and defendants had none; nor was it shown that the injunction was improperly or illegally issued.

*Saunders*, for respondent.

The record shows, that the injunction suit was dismissed by the defendants, or rather by the order and judgment of the court, on their motion; this gave the plaintiff his right of action. The defendants did not show title or possession in Sutter, under whom they claimed; and it was shown that plaintiff was in possession since 1849, and had purchased Sutter's claim to the fifty acres in controversy; and the court properly refused to instruct the jury in regard to defendants' title.

Plaintiff's right to action was complete, on the dismissal of the injunction suit, for he was in actual possession, claiming and holding the land as his own, and the damages are confined to the injury done to his *possession*. Suppose the defendants had an unquestionable title, the respondent was in lawful possession, and he may have been a lessee for a term, or tenant of the holder in fee, without notice; he would even in such case be entitled to all the damages recovered.

The condition of an injunction bond is broken by a dissolution in part, as well as by a total dissolution. White *v.* Clay, Leigh, 68.

HEYDENFELDT, Justice, delivered the opinion of the court. WELLS, Justice, concurred.

Damages may be recovered on an injunction bond, when the injunction has been improperly sued out ; and where an injunction is dissolved, the judgment of dissolution is conclusive ; and in a suit upon the bond, the only question is the amount of damages sustained. But where an injunction is dissolved, and the suit in which it issued is dismissed, by the action of the party who obtained it, it is no admission that the injunction was improperly sued out. It evinces, at least, but an unwillingness further to prosecute the writ. When, in such a case, therefore, a suit is brought on the injunction bond, it is necessary, in order to maintain the action, that it should be shown that there was no proper cause for the injunction.

The court therefore erred, in instructing the jury that the issue should be narrowed exclusively to the question of damages.

The judgment is reversed, and the cause remanded.