NEW-YORK PRACTICE REPORTS.                    269

Shearman agt. The New-York Central Mills and others -

# SUPREME COURT.

SARAH SHEARMAN agt. THE NEW-YORK CENTRAL MILLS
and others.

Where the plaintiff obtains an *injunction*, which, with the proper undertaking,
is served upon the defendant, and during the progress of the cause the plain-
tiff serves a notice upon the defendant waiving the injunction, the defendant
is not then entitled to an order of reference to ascertain his *damages;* be-
cause, the court must *"finally decide that the plaintiff was not entitled
thereto."* (*See Code,* § 222.) Until this point is reached in the progress of
the action, the application for a reference to ascertain damages is premature.

*Oneida Special Term, July, 1855.*

THE material facts upon which the question on this mo-
tion arises are, that at the May special term at Herkimer
county, an injunction was granted in this suit upon a com-
plaint showing upon its face ample ground therefor. This
injunction, among other things, restrained the sale of the real
estate of the defendants, The New-York Central Mills, upon two
judgments, known as the Rockwell and Ferry, and the Matte-
son and Johnson judgments. A copy of this injunction was
duly served on the several defendants, and continued operative
until the 29th day of June last, when the plaintiff's attorneys
served a notice upon the attorneys of defendants, that they
withdrew and abandoned so much of the injunction as stayed
proceedings upon either of the above-named judgments, or any
execution issued thereon. Prior to the service of this notice,
Burton D. Hurlburt, one of the defendants, had employed an
attorney, who was making preparation, by drawing affidavits,
&c., to move the court for a dissolution of the injunction. In
the opposing affidavit on the part of the plaintiff, the reason is
given why the injunction was withdrawn to the extent stated
in the notice, and it is sworn that the plaintiff has no intention
of abandoning the suit, but is proceeding with all diligence
therein, and in the usual manner, with the intention of bringing
the same to a hearing and decision.

The defendant Hurlburt, upon these facts, now applies for leave to enter an order vacating the injunction to the extent indicated in the notice, and also for a reference to ascertain the damages he has sustained by reason of the issuing and service of the injunction.

E. W. DODGE, *for motion.*

M. H. THROOP, *opposed.*

BACON, Justice.   In respect to the first part of the motion, no application to this court was necessary.   The notice *ex proprio vigore* operated as a withdrawal and abandonment of the injunction to the extent therein specified, and authorized the defendants to take any proceeding they lawfully could, entirely unembarrassed by the injunction order in the respect in which it had stayed their proceedings.

If the parties desired anything to appear on the record of the court in any more formal manner, they could, on filing the stipulation with the clerk, have entered a common order to that effect.   The motion, in that aspect of it, was, therefore, entirely unnecessary.

The question, then, is, whether the defendant, who claims to have been damnified by the issuing of the injunction, is entitled, in this stage of the cause, to an order of reference to ascertain the amount.

The Code, § 222, provides, that when an injunction like the one in this case is issued, an undertaking shall be given on the part of the plaintiff, with or without sureties, to the effect that the plaintiff will pay to the parties enjoined such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if *the court shall finally decide* that the plaintiff was not entitled thereto.   Such an undertaking following precisely the language of this section, was executed by two sureties, on behalf of the plaintiff—she not uniting therein.

Now it seems to me, it is only necessary to look at the language of the section above cited, and the undertaking which follows its provisions, to show that several conditions must ex-

ist, before the right to claim an assessment of damages and a forfeiture of the undertaking, which is the necessary corrolary to the order, can be maintained. For,

(1.) "The court" must decide that the plaintiff was not entitled to the order.

(2.) This must be a final decision; that is, made at the termination of the cause by a decree or judgment therein, or by the voluntary discontinuance of the suit. And;

(3.) The decision, or adjudication, must be, that the plaintiff "was not;" that is, was not at the time he applied for and obtained the injunction, entitled thereto.

Now, neither of these things can be said, with any plausibility, to exist, when a party voluntarily withdraws his injunction. He may be willing, for reasons of expediency, or because he deems it no longer necessary to effect the special object he had in view, to waive his injunction, when, upon the whole case, he might very properly have retained it, and be fully entitled to all the relief he claims.

The undertaking in this case is the undertaking of sureties— and their obligation is always deemed one of the most strict right. They are entitled to a construction of the statute and their obligation, which shall carry out not only its import, but clearly fulfil all its terms and conditions. They cannot be proceeded against, therefore, until all the qualifications exist under which they assumed the obligation which their undertaking creates. In other words, not until the court has finally decided that the plaintiff was not entitled to the injunction at the time the order was obtained.

The section of the Code under which the injunction was given, corresponds, in substance, with the standing rule (No. 31) of the old court of chancery. The only essential change is in substituting the word "finally" in the Code, for the word "eventually" in the rule, the only effect of which, however, is to give it a broader and intenser signification.

That rule has been long in existence; and it is a little remarkable, and somewhat significant, that no case is to be found in the reports, so far as I have been able to examine, where an

application for a reference has been made, or acted on under the circumstances which exist here. The application, from the necessary import of the language of the rule, cannot be made at a period in the progress of the suit short of that stage where there shall have been some decision of the court, that the injunction was improvidently granted, and the party obtaining it was not entitled thereto.

There is nothing decided in the case of *Durkin* agt. *Lawrence*, (1 *Barb. S. C. Rep.* 447,) which conflicts with this conclusion. There the injunction was dissolved upon the motion of the defendant, and after argument, upon the matter of the bill only.

Judge HARRIS, in deciding that case, expressed a doubt at first, whether the true construction of the rule would allow a reference to ascertain damages, until the cause had been finally disposed of upon the merits. But he ultimately came to the conclusion, that when the injunction is dissolved upon the matter of the bill only, it is to be regarded as a final decision that the plaintiff was not equitably entitled to the injunction, and a reference was accordingly ordered.

This concedes the point that there must be some action of the court not only, but that the action must be equivalent to a final decision that the plaintiff had no right originally to the order which he obtained. And this substantially conforms to all the requirements of the 222d section of the Code. The same case, however, recognizes and affirms the doctrine, that if the injunction is dissolved upon bill and answer, the final decision upon the equity of the bill is not deemed to have been made until the final hearing and decision of the cause.

"For although," the judge remarks, "the equity of the bill may be denied in the answer, so as to entitle the defendant to have the injunction dissolved, it may turn out, upon taking the proofs, that the bill was true and the answer false; and in that case it will eventually be decided that the plaintiff was equitably entitled to the injunction."

It may be assumed, that in this cause the complaint presented a case which fully warranted the order of the court, since the defendant made no attempt to dissolve it upon the matter con-

tained therein; and no different rule, I apprehend, is to be applied, if the injunction has been dissolved upon affidavits, than is held to obtain if the dissolution has been effected through the medium of an answer. It still remains for the court ultimately to decide that the party was not originally entitled to it; and until this point is reached in the progress of the suit, the application for a reference to ascertain damages is premature.

The motion must be denied; but as the question is novel, and the point has never been distinctly passed upon before, it must be without costs of opposing.