## DOWLING, *et al. v.* POLACK *et al.*

A JUDGMENT dismissing a suit, in which a temporary injunction had been granted, for want of prosecution, amounts to a determination by the Court that the injunction was improperly granted, and after such judgment, suit lies upon the injunction bond.

Such judgment is, in effect, a final judgment in favor of defendant; and, although it may not preclude the plaintiff from bringing a new suit, still for all purposes connected with the proceedings in the particular action, the rights of the parties are affected by it in the same manner as if there had been an adjudication upon the merits.

The grounds of the injunction cannot be inquired into in suit upon an injunction bond. The Court in which the injunction suit is tried must determine whether the injunction was properly or improperly issued; and after such determination, and not before, does an action lie on the bond.

*Gelston* v. *Whitesides* (3 Cal. 309) overruled.

APPEAL from the Twelfth District.

Suit on an injunction bond. Defendants, Polack and others, claim to be owners of a Mexican grant of the Island of Yerba Buena in the Bay of San Francisco, which grant was confirmed to them by the United States Board of Land Commissioners. An appeal being taken to the United States District Court, the claim was rejected, and is now pending there on motion for rehearing.

The island was chiefly valuable for its quarries and timber (the latter has been wholly destroyed). The plaintiffs in this suit were trespassers on the land, and were removing and quarrying the stone, and cutting down the trees, and carrying away the timber. This being an injury to the freehold, defendants Polack *et als.* filed

their complaint in the Fourth District Court, to restrain the present plaintiffs from committing said waste during the pending of the litigation as to said Mexican grant in the Courts of the United States. The proceedings in said case admit the waste and insolvency of the plaintiffs herein. On filing said complaint, and on motion, an injunction was granted, on said Polack *et als.* filing a bond for the sum of $5,000, which afterwards was increased, on motion of plaintiffs herein, to the sum of $15,000. The plaintiffs in this case moved the Fourth District Court for an order dissolving the injunction, which motion was denied; thereupon the plaintiffs herein appealed to the Supreme Court from the order refusing to dissolve the injunction, where the order was affirmed, on authority of *Buckelew* v. *Estell* (5 Cal. 108).

The case being remitted to the Court below and called for trial, was, on motion of defendants, dismissed, no one appearing for plaintiffs.

The present action was then brought on the injunction bond, in the usual form under the Practice Act.

The complaint, among other things, alleges the judgment of dismissal in the injunction suit, and that the injunction was wrongfully, improperly, and without any good or sufficient or probable cause, procured and issued. The other matters are the usual allegations as to the institution of the injunction suit, the execution of the bond, the damages suffered, etc. Defendants demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action. Demurrer sustained, with leave to plaintiffs to amend. Subsequently, plaintiffs failing to amend, final judgment on the demurrer was entered in favor of defendants, on their motion. Plaintiffs appeal.

*McDougall & Sharp*, for Appellants.

The Court erred in sustaining the demurrer to the complaint, because: 1st, the judgment of dismissal in the suit of *Polack et al.* v. *Dowling et al.* was a final determination by the Court that the plaintiffs in that suit were not equitably entitled to the injunction. (*Loomis* v. *Brown et al.*, 16 Barb. 325; Ed. on Referees, 226; 16 Cal. 65; New York Code, sec. 222; Cal. Pr. Act, sec. 115;

*Karth* v. *Light*, 15 Cal. 324; *Osborne* v. *Henderson*, 6 Id. 175; *Harrison* v. *The Bank of Kentucky*, 3 J. J. Marshall, 375; 6 Id. 350; 7 Indiana, Porter's, 209; 1 Kelly, 92; *Methodist Church* v. *Barker et al.*, 18 N. Y., 463; and 4 Smith's Court of Appeals; and because, 2d, it is averred in the complaint, and plaintiffs should have been allowed to prove, that the plaintiffs in the injunction suit were not entitled to the injunction. (*Gelston* v. *Whitesides*, 3 Cal. 311.)

*Volney E. Howard* and *E. L. B. Brooks*, for Respondents.

The complaint is insufficient, because it does not set forth that the District Court " did finally decide that the plaintiff was not entitled thereto," that is, to the injunction in the injunction suit, this being the condition on the fulfillment of which the sureties bind themselves to pay any damages that the defendants may sustain by reason of the issuing, of the injunction. (Pr. Act, secs. 115, 148, 149, 157; 3 Phillips' Ev., 916, Note 639; *Gelston* v. *Whitesides*, 3 Cal. 309; 6 Id. 176; 15 Id. 324.)

Cope, J. delivered the opinion of the Court—Field, C. J. and Baldwin, J. concurring.

This is an action upon an injunction bond, and the dismissal of the suit in which the injunction was issued amounted to a determination by the Court that the injunction had been improperly granted. The suit was dismissed for want of prosecution, and with respect to the particular case, the judgment of dismissal had the same effect upon the rights of the parties as would have resulted from a judgment upon the merits. It terminated the proceedings, and by its legal operation and effect set aside and discharged the injunction; it was the final action of the Court operating directly upon the injunction, and destroying the foundation upon which it rested. We are aware of the decision of this Court in the case of *Gelston* v. *Whitesides*, (3 Cal. 309) but we think the rule laid down in that case cannot be maintained. It was held by the Supreme Court of New York, in *Loomis* v. *Brown*, (16 Barb. 325) that a dismissal of the complaint included, by force of the term itself, and of the law applicable to it, a determination that the party was not equita-

bly entitled to the injunction. The same Court, in *Sherman* v. *New York Central Mills*, (11 How. Pr. 269) said: "the Court must decide that the plaintiff was not entitled to the order. This must be a final decision; that is, made at the termination of the cause by a decree or judgment therein, or by the voluntary discontinuance of the suit." In the former of these cases nothing more was alleged than that an order had been made dismissing the complaint; and in the latter, that the injunction had been dissolved, pending the proceedings in the case. The judgment of dismissal was held to be sufficient to entitle the plaintiff to sue upon the bond; but the dissolution of the injunction was regarded as a mere interlocutory matter, not affecting the ultimate rights of the parties. These were to depend upon the final action of the Court, and it was immaterial whether this action should be in the shape of a judgment upon the merits, or a voluntary dismissal or discontinuance of the suit. In *Coates* v. *Coates*, (1 Duer, 644) the injunction had been dissolved and the suit voluntarily discontinued, and it was not even pretended that the judgment of discontinuance did not establish a right of action upon the bond. In *Methodist Churches, etc.* v. *Barker*, (4 Smith, 463) the complaint had been dismissed, and a reference ordered to ascertain the damages resulting from the injunction, and it was held that the judgment of dismissal determined the rights of the parties, and the reference was sustained.

Looking at the matter in the light of principle, it would seem that the failure of a plaintiff to prosecute his suit should be regarded as a concession of his inability to maintain it. The issues are not actually examined and passed upon, but by his failure to appear he virtually confesses that the result of a trial would be to find them against him. A dismissal under such circumstances must be understood as proceeding upon this idea, and so far as relates to the case itself, as determining everything involved in it. In effect, a dismissal is a final judgment in favor of the defendant; and although it may not preclude the plaintiff from bringing a new suit, there is no doubt that for all purposes connected with the proceedings in the particular action, the rights of the parties are affected by it in the same manner as if there had been an adjudication upon the merits.

We dissent *in toto* from the suggestion in *Gelston* v. *Whitesides*, that the grounds of the injunction may be inquired into in a suit upon the bond. It is for the Court to determine whether the injunction was properly or improperly issued, and no action can be maintained upon the bond until such determination has taken place. The undertaking of the parties in such cases is, that they will pay, etc., if the Court shall finally decide that the plaintiff was not entitled to the injunction; and the statute evidently contemplates a decision in the injunction suit. It is clear that until a decision to that effect has been obtained, no right of action exists upon the bond.

These views are decisive of the case as it is presented to us in the briefs of counsel; and it follows that the judgment of the Court below must be reversed, and the cause remanded for further proceedings.

Ordered accordingly.