KANE, Appellant, vs. CASGRAIN and another, Respondents.

*September 24 — October 11, 1887.*

INJUNCTION: *Reference as to damages on breach of undertaking.*

An order dissolving a preliminary injunction, after a hearing upon the pleadings and affidavits, and a subsequent judgment dismissing the action for want of prosecution, constitute such a final determination that the plaintiff was not entitled to the injunction, as to warrant an assessment of defendant's damages sustained by reason thereof, and the court may appoint a referee to make such assessment.

APPEAL from the County Court of *Milwaukee* County. The case sufficiently appears in the opinion.

For the appellant there was a brief by *Markham & Noyes*, and oral argument by *George H. Noyes*. They argued that a final adjudication, in terms, that the plaintiff was not entitled to the injunction at the time he obtained it, was necessary to warrant an assessment of damages. *Shearman v. N. Y. Cent. Mills*, 11 How. Pr. 271; *Benedict v. Benedict*, 15 Hun, 305; *S. C.* 76 N. Y. 600; *Meth. Ch. of N. Y. v. Barker*, 18 N. Y. 465. That decision must be upon the merits, after a full hearing. *Parish v. Reeve*, 63 Wis. 315; *Musgrave v. Sherwood*, 76 N. Y. 194; 2 High on Injunctions, secs. 1501, 1658; *Krug v. Bishop*, 44 Ohio St. 221; *Barnes v. Racine*, 4 Wis. 454; *Hill v. Lockwood*, 62 id. 507; *Heiss v. Vosburg*, 59 id. 532. A discontinuance is not sufficient. *Palmer v. Foley*, 71 N. Y. 106; *Johnson v. El-*

*wood*, 82 N. Y. 365. Nor is a dismissal for want of prosecution. *Ger. Farm. M. Ins. Co. v. Dhein*, 57 Wis. 521; *Waldo v. Rice*, 18 id. 404; *Gummer v. Omro*, 50 id. 247; *Marshall v. M. & St. P. R. Co.* 20 id. 644.

For the respondents there was a brief by *Stark & Sutherland*, and oral argument by *G. E. Sutherland*. They contended that whatever in the main action disposes of the case is a final determination, which entitles the defendant to an assessment of damages. *Bennett v. Pardini*, 63 Cal. 154; *Mitchell v. Sullivan*, 30. Kan. 231; *Vanderbilt v. Schreyer*, 28 Hun, 61; *Cunningham v. White*, 45 How. Pr. 486; *Mut. Safety Ins. Co. v. Roberts*, 4 Sandf. Ch. 592; *Pac. M. Stmshp. Co. v. Leuling*, 7 Abb. N. S. 37; *Coates v. Coates*, 1 Duer, 664; *N. Y. & L. B. R Co. v. Dennis*, 40 N. J. L. 340; and cases noticed in the opinion.

COLE, C. J.   A preliminary injunction was granted in this case in November, 1884, by a court commissioner, re: straining the defendants from entering upon the plaintiff's premises, or injuring the same.   An undertaking was given to the effect that the plaintiff would pay the defendants such damages, not exceeding $1,000, as they might sustain by reason of the injunction, if the court should finally decide that the plaintiff was not entitled thereto.   In November; 1884, the court vacated the injunction upon the motion of the defendants, based upon the pleadings and affidavits. In March, 1886, an order was entered to this effect: "This cause being now reached in its order on the calendar, the cause being called for trial, no one appearing for the plaintiff, on motion of the defendants' attorney it is now here ordered that the above-entitled action be, and the same is hereby, dismissed for want of prosecution."   Subsequently a judgment was rendered dismissing the complaint for want of prosecution, with costs.   Satisfaction of the judgment for costs was made.   In February, 1887, the attorney

of the defendants gave notice of a motion for an order appointing a suitable person as a referee to assess the defendants' damages sustained by reason of the temporary injunction.    This motion was granted on the hearing thereof, and the appeal is from the order granting the same.

There can be no doubt but the court had the power to appoint a referee to assess the damages on the undertaking. The statute is clear and explicit upon the point.    Sec. 2778, R. S.    But the contention of the learned counsel of the plaintiff is that it could not be done in this case, for the reason that the facts did not show a breach of the undertaking.  He says there had been no such final determination by the court of the right of the plaintiff to the injunction originally granted, as would warrant such an assessment of the damages.  We are unable to adopt that view of the matter.    The preliminary injunction had been dissolved after a hearing upon the pleadings and affidavits.    That was certainly a determination of the court that the plaintiff, upon the facts presented, was not entitled to the injunction. This order stood unreversed when the cause was dismissed for want of prosecution.    There may be good reason for saying that an order made, pending the suit, dissolving the temporary injunction, by no means determines that the party in whose favor it was granted was not entitled to it. The order may be reversed on appeal, or it may be decided on the final hearing, upon the merits, that the party obtaining it was entitled to that relief.    The facts may be essentially changed by proofs subsequently introduced in the cause.    So, until the main action is finally disposed of, a reference to ascertain the damages may be premature. This seems to be the rule established in New York in the cases to which we were referred on the argument.    *Shearman v. New York Cent. Mills,* 11 How. Pr. 269; *Musgrave v. Sherwood,* 76 N. Y. 195; *Benedict v. Benedict,* 15 Hun, 305; *S. C.* 76 N. Y. 600; *Palmer v. Foley,* 71 N. Y. 106;

*Johnson v. Elwood*, 82 N. Y. 362. " There is no breach of the condition of the statutory undertaking, unless the court finally decide that the plaintiff was not entitled to the injunction, or unless something occurs equivalent to such decision." *Palmer v. Foley, supra.* " An order vacating the injunction, and discontinuing the action entered by the plaintiff, is, in effect, a determination, or at least equivalent to a determination, that the plaintiff was not entitled to the injunction granted." *Pac. Mail S. Co. v. Toel*, 85 N. Y. 646.

In the case at bar, the cause was never tried upon its merits, nor could it be, for the reason that the plaintiff failed to prosecute. But the cause was out of court with an order upon the record that the plaintiff was not entitled to the injunction which he had obtained. We are at a loss to know what further decision or determination of that question could be had. As we have said, the cause was out of court beyond recall; nothing further remained for judicial determination. We do not think any of the decisions in New York sustain the contention of counsel that the order of reference in this case was premature.

In *Palmer v. Foley, supra*, the defendant had consented to a discontinuance, and that an order to that effect might be entered, which was done; and it was held "that this was not equivalent to a final decision of the court, and that there was no breach and no right of action. . . . It was laid down that there was no judicial determination or opinion given upon the merits of the action, or the right of the plaintiff in the action to the injunction, at the time it was granted, and that it was never finally determined by a judicial decision. An amicable and voluntary agreement to discontinue was not enough." We have already quoted the substance of the head-note in 85 N. Y.

The case of *Dowling v. Polack*, 18 Cal. 625, is quite similar to the present case. That was an action upon an in-

junction bond, brought after a dismissal of the cause on motion of the defendants. The court say: "The suit was dismissed for want of prosecution, and, with respect to the particular case, the judgment of dismissal had the same effect upon the rights of the parties as would have resulted from a judgment upon the merits. It terminated the proceedings, and, by its legal operation and effect, set aside and discharged the injunction. It was the final action of the court, operating directly upon the injunction, and destroying the foundation upon which it rested." In that case a motion to dissolve the injunction had been denied, but the case is very much in point, as the statute of California is substantially like our own. See 3 Deer. Code & St. § 529. We are disposed to adopt the rule laid down in California as to the liability upon the undertaking, founded, as it seems to be, on principle and good sense. *Pugh's Adm'r v. White,* 78 Ky. 210.

*By the Court.*— The order of the county court is affirmed.

