J. F. KELLEY & CO. v. MEAD.

1. The action for injunction is not dismissed, depriving the court of authority to assess damages therein, by an order that the temporary restraining order be vacated, and the action be dismissed, but that no judgment be entered on the order till the damages be ascertained.

2. Dismissal of an action for injunction on motion of plaintiff in effect determines that the injunction order was improperly issued.

3. Under Code Civ. Pro. § 200, providing that if, in an action for injunction, the court decides that plaintiff was not entitled thereto, defendant's damages may be ascertained by a reference, or otherwise, as the court shall direct, damages may be assessed though they are not claimed in the pleadings.                                                                    :

4. The making of an ex parte order to assess defendant's damages in an injunction action is harmless, plaintiff being at and taking part in such assessment proceedings.

(Opinion filed December 7, 1904.)

Appeal from circuit court, Brown county; Hon. J. H. Mc-Coy, Judge.

Action by J. F. Kelley & Co. against Ellery O. Mead. Judgment for defendant and plaintiff appeals. Affirmed.

*S. H. Cranmer*, for appellant.

*Charles M. Stevens*, for respondent.

CORSON, P. J. On the 28th day of November, 1902, the circuit court of Brown county made and entered the following order in this case: "The above entitled action coming on for hearing on this 28th day of November, 1902, * * * it is ordered that the temporary restraining order heretofore issued herein be, and the same is hereby, vacated, set aside, and dissolved; and it is further ordered that the said action be, and hereby is dismissed at plaintiff's cost, but judgment be not entered upon this order until defendant's damages under said restraining order, if any, be ascertained by reference or otherwise, as the court shall direct." Subsequently, on the 7th day of May, 1903, the court made the following order: "This cause coming on before the court under the order of the court for a

hearing and assessment of the damages of the defendant arising out of the injunctional order issued therein, Charles M. Stevens appearing as counsel for the defendant, and S. H. Cranmer for the plaintiff, and the court having heard the evidence of the respective parties, and having duly considered the same, it is ordered that defendant's damages resulting from the issuance of the injunctional order in said action be, and the same are hereby, assessed at the sum of one hundred and ninety and 40-100 dollars. To which plaintiff did at the time duly except, and the exception is allowed." Thereafter, on the 11th day of May, 1903, the court entered the following judgment in the case, from which the plaintiff has appealed to this court: "Issue having been duly joined in the above entitled cause, and afterwards upon the motion of the plaintiff therein, the court having made and entered its order vacating and setting aside the injunctional order theretofore entered therein, and the court having further ordered that the action be dismissed, with costs, but that judgment be not entered until defendant's damages under the restraining order of the court were ascertained and assessed, * * * it is considered and adjudged that the above-entitled cause be, and the same is hereby dismissed; and it is further considered and adjudged that said defendant, Ellery O. Mead, have and recover of said plaintiff, J. F. Kelley & Company, a corporation, as damages, the sum of $190.40, together with the costs of this action, taxed at $10.45, making in all the sum of $200.85."

The action was brought to restrain the defendant from interfering with plaintiff's possession of a certain building in the city of Aberdeen, and on the commencement of the suit a restraining order was issued, upon which the plaintiff was re-

quired to give the usual undertaking to pay all damages which the defendant might sustain by reason of the injunction. The injunction order was issued on or about September 16, 1902, and remained in force until the 28th day of November of the same year. On the assessment of damages before the trial court the appellant objected to any evidence being received for the reasons (1) that the action had been dismissed; (2) that there was no claim for damages in the pleadings; (3) that there was nothing before the court on which the testimony could be taken. The objections were overruled, and the plaintiff excepted. It is contended by the appellant that all evidence should have been excluded upon the grounds stated in the objection, but in our opinion the court was clearly right in admitting the evidence.

It will be observed that the original order of dismissal, made and entered by the court on the 28th day of November, 1902, was in the nature of an interlocutory judgment. It ordered that the temporary restraining order theretofore issued in the action be vacated, set aside, and dissolved, and that the said action be dismissed, but that no judgment should be entered upon the order until the defendant's damages under the restraining order should be ascertained by reference. There was no formal adjudication by the trial court that the injunction order was improperly issued, but this was in effect determined by the dismissal of the action on motion of the plaintiff. 10 Ency. Plead & Prac. 1123-1124; Dowling v. Polack, 18 Cal. 625; Kane v. Casgrain, 69 Wis. 430, 34 N. W. 241; Mitchell v. Sullivan, 30 Kan. 231, 1 Pac. 518.

Section 200 of the Code of Civil Procedure provides: "Where no provision is made by statute as to security upon an

injunction, the court or judge shall require a written undertaking on the part of the plaintiff, with or without sureties, to the effect that the plaintiff will pay to the party enjoined, such damages, not exceeding an amount to be specified, as he may sustain by reason of the injunction, if the court shall finally decide that the plaintiff was not entitled thereto. The damages may be ascertained by a reference, or otherwise, as the court shall direct." The section of the Code quoted is a verbatim copy of section 222 of the former New York Code of Civil Procedure. The courts of New York, under this section of their statute, have uniformly held that damages may be assessed upon a reference or otherwise, as the court may determine. Methodist Church v. Barker, 18 N. Y. 463; Pac. Mail & Steamship Co. v. Toel, 85 N. Y. 646; Jordan v. Volkenning, 72 N. Y. 300. The Supreme Court of Wisconsin, under a similar statute, has adopted the same rule. Wis. M. & F. Ins. Co. Bnk. v. Durner, 114 Wis. 369, 90 N. W. 435; Parish v. Reeve, 63 Wis. 315, 23 N. W. 568; Kane v. Casgrain, 69 Wis. 430, 34 N. W. 241. This court, in speaking of this provision in Edmison v. Sioux Falls Water Company, 10 S. D. 440, 73 N. W. 911, says: "The statute seems to contemplate a summary proceeding for the assessment of damages, without a trial by jury, and without formal pleadings required in ordinary actions." The contention of the appellant, therefore, that any evidence was inadmissible for the reason that the judgment of dismissal had been entered, and that there was no claim for damages in the pleadings, is untenable, and the court was clearly right in overruling the appellant's objection.

The defendant introduced evidence tending to prove that the rental value of the property during the time the injunction

order was in force was at least $65 per month, and it appears from the evidence that the plaintiff retained possession from the date of the injunction order, September 16th, to about the 28th of November, when the action was dismissed. There was no evidence offered on the part of the plaintiff that he paid any rent for the time intervening between September 16th and the 28th of November, and there is no presumption that the defendant received rent for the premises during that time.

It is contended by the appellant that it was shown by the testimony of the defendant on cross examination that he received the rent, during the time the injunction order was in force, from other parties to whom he had leased the premises, but it is somewhat difficult to determine from the record presented what the evidence of the defendant really was upon that question, and, in view of the fact that the matter of the assessment of damages was tried by the court, we are not able to say that there was a preponderance of evidence against the findings as to the amount of damages sustained by the defendants. The court was undoubtedly better able to determine from the evidence of the defendant what he intended by the use of certain expressions, which, as they appear in the record, might possibly be construed to mean that he had been paid rent during the time. There were other expressions of the witness, however, that seem to qualify such statements, and leave the meaning of the witness in doubt. It is further contended by the appellant that the court erred in making the order to assess the damages without notice to the plaintiff. While we cannot commend the practice of making such an order ex parte, and without due notice to the adverse party, the omission of such notice, in view of the fact that the plaintiff was present and took part

in the proceedings ·for the assessment of the damages, constitutes no prejudicial error for which the plaintiff would be entitled to a reversal of the judgment.

Finding no error in the records, the judgment of the court below is affirmed.