J. F. KELLEY & CO. v. MEAD.

(Opinion filed, November 29, 1905.)

On rehearing. Affirmed.

For former opinion, see 18 S. D. 594, 101 N. W. 882.

Hon. J. H. McCoy, Judge.

S. H. Cranmer, for appelant. Chas. M. Stevens, for respondent.

CORSON, J. This case was decided at a former term of this court, and is reported in 101 N. W. 882. On petition a rehearing was granted, and the case is now before us on such rehearing.

The rehearing was granted upon the contention mainly of appellant's counsel that there was a conflict between the decision in the case at bar and the decision in the case of Edmison et al. v. Sioux Falls Water Company, 10 S. D. 440, 73 N. W. 910, and that under the decision in that case the court should have excluded in the

case at bar all proof of damages for the use and occupation of the premises while the injunction was in force, and compelled the defendant to recover for such damages, if any, by an ordinary action at law. But after a careful reexamination of the decision in the case at bar, we are of the opinion that there is no conflict between the two decisions, and that the case at bar is clearly distinguishable from the Edmison Case. In the case at bar the defendant was deprived of the use of his property during the pendency of the injunction order, from September 10th to November 28th. By the order the defendant was restrained from taking possession of the property or in any manner interfering with the possession of the plaintiff. The defendant, being deprived of the possession of the property, lost the use and rent of the same during the time he was so restrained, and the damages arising from the suspension of his right was the actual, natural, and proximate result of the injunction order. The defendant, it is true, was not restrained from collecting his rent pending the injunction order, but he was restrained from taking possession of the property or in any manner interfering with the plaintiff's possession of the same. In the Edmison Case the defendant was restrained from collecting its water rent by cutting off the supply of water in the building occupied by the plaintiffs, but it was not restrained from pursuing its ordinary remedy to collect its water rent through the medium of the courts, or deprived of its property, and during the larger part of the time that the injunction order was in force, the plaintiffs were perfectly responsible, and any judgment for the value of the water supplied them by the defendant could have been enforced against them. Mr. Sutherland, in his work on Damages, says: "If the restraint keeps the owner of property out of possession or deprives him of its use, the compensation is given upon the same principle as in other cases of wrongful deprivation. Where a party was prevented from enjoying the benefit of his real estate by injunction, which was obtained without cause, the value of the use and occupation was given as damages, but an injunction interfering with the collection of rents due does not change the legal relation of landlord and tenant, so as to entitle the former to recover for use and occupation; but the true basis of the recovery is the losses from the insolvency of the tenants

during the pendency of the injunction." 2 Sutherland on Damages, pages 69 70. The case at bar comes clearly within the rule laid down by Mr. Sutherland. As before stated, the loss of rent by the defendant was a natural and proximate loss caused by being deprived of the use of his property during the pendency of the injunction order, and for the loss sustained he was entitled to have his damages assessed in this action. We are of the opinion, therefore, that our former decision was clearly right. The other questions suggested by counsel in the petition for rehearing were so fully considered and decided in our former opinion that a further discussion of them is not necessary in this opinion.

The judgment of the circuit court, and order denying a new trial, are affirmed.