METHODIST CHURCHES OF NEW YORK *v.* BARKER *et al.*

Upon an order to show cause and for temporary restraint, under § 223 of the Code, security may be required as upon the allowance of an injunction under § 222.

Whether such security is imperatively required, or is in the discretion of the tribunal granting the order, *quere.*

An order for a reference to ascertain the damages in consequence of an injunction may be made after final judgment in the action.

A reference and report upon such damages, duly confirmed, are conclusive upon the sureties in an undertaking providing for their being ascertained by reference, although the sureties are not parties nor notified of the proceeding.

It is in the discretion of the court ordering the reference to direct that the sureties have notice or to set aside the report upon their application.

APPEAL from the Supreme Court. On the 19th January, 1854, one Smith Hicks applied for an injunction restraining five Methodist churches, in the city of New York, from removing the dead bodies interred in a certain cemetery. An order was thereupon made, by Mr. Justice MITCHELL, requiring such churches to show cause, nine days thereafter, why an injunction order should not be made restraining them according to the prayer of the complaint, and in the meantime enjoining them according to such prayer. This order stated that an undertaking had then been given in $200, but that on the defendants' motion and two days' notice the amount might be increased.

On the 7th February, 1854, the defendants in this action executed an undertaking in the sum of $2,500, entitled in the action by Hicks, reciting that Hicks had applied for an injunction and undertaking that he should "pay to the defendants so enjoined such damages, not exceeding the before mentioned sum, as they may sustain by reason of the said injunction, if the court shall finally decide that the plaintiff was not entitled thereto; such damages to be ascertained by a reference or otherwise, as the court shall direct."

It was averred in the complaint, and not denied by the answer, that this undertaking was made in pursuance of an order requiring the security to be increased to that amount. On the 7th March, 1855, judgment was entered in Hicks' action dismissing his complaint. On the seventeenth of the same month an order was made, upon notice to Hicks only, for a reference to ascertain the damages sustained by the defendants in his action in consequence of the injunction. The referee proceeded to execute the order, without notice to the sureties in the undertaking. His report having been made and confirmed, this action was brought to recover the damages assessed by him. The defendants took several exceptions upon the trial, which sufficiently appear in the following opinion. The judgment perfected against them having been affirmed at general term in the first district the defendants appealed to this court.

*William R. Stafford,* for the appellants.

*Richard Mott,* for the respondents.

COMSTOCK, J. On application for an injunction the court or judge may, instead of granting it unqualifiedly, "make an order requiring cause to be shown, at a specified time and place, why it should not be granted, and the defendant in the action may in the meantime be restrained." ( *Code,* § 223.) The temporary restraint here mentioned is a part of the injunction relief which the Code provides in the cases specified. All temporary injunctions are now in the form of orders, instead of writs, as formerly; and an order which will expire on the day for showing cause, unless then continued, is to all intents and purposes an injunction during the intervening time. Before such an order is made, therefore, security may and should be required, as in other cases under the preceding section. (§ 222.) It follows that the objection to the maintenance of the suit, on the ground that the undertaking was unauthorized by law, was not well taken.

Methodist Churches of New York *v.* Barker.

The order of reference to ascertain the damages sustained by reason of the injunction, was granted after the final judgment dismissing the complaint in the suit of Hicks against the plaintiffs in the present action. It is now insisted that the final judgment in that suit was a bar to any subsequent proceedings to ascertain the damages for which the parties to the undertaking on the injunction are liable. This point is not well taken. The injunction, it is true, was dissolved before the judgment dismissing the complaint. But the order of dissolution was not in its nature a final determination that the plaintiff in the suit was not entitled to the injunction. An order, made pending a suit, dissolving a temporary injunction, by no means determines that the party in whose favor it has been granted may not be entitled to that relief at the final decision of the cause. It may be dissolved for irregularity, or because the case is badly stated in the complaint, or upon the answer of the defendant and affidavits; and yet, at the final hearing, it may be decided that the defendant ought to be enjoined. In most cases, therefore, if not in all, a reference ordered before judgment, to ascertain the damages to be recovered upon the undertaking or security, would be premature. I can conceive of no case in which such a reference can be defeated on the ground that it is too late after judgment.

The principal question in the case is, whether a reference and report upon the damages sustained by reason of the injunction, and a confirmation by the court, are conclusive upon the sureties in the undertaking in an action against them, they not being parties to the reference and not being notified of the proceedings. Without undervaluing the general doctrine that judicial proceedings are binding only on those who are parties in some sense of the term or are privies, I am of opinion that this case does not fall within the doctrine. The defendants are concluded, I think, by the force and effect of their contract. By their undertaking they engaged that their principal, who obtained the order

of injunction, would pay to the parties enjoined such damages, not exceeding a certain sum, as they might sustain by reason of the injunction, if the court should finally decide that he, the principal, was not entitled thereto, "*such damages to be ascertained by a reference or otherwise, as the court should direct.*" This undertaking was in the form which the statute prescribes. (*Code,* § 222.) The question, it appears to me, is one of interpretation merely. If the sureties in such an instrument undertake, in effect, that their principal shall pay whatever amount of damages shall be adjudged against him on a reference to be ordered by the court in the injunction suit, that amount, when thus ascertained, would seem to be the measure of their liability by the very terms of the contract. On general principles of law, the most solemn judgments do not conclude persons who are not parties or privies. But if a man undertakes the payment of a judgment which may be recovered against another, he owes the amount of the judgment, when recovered, irrespective of its legal merits, because such is the nature of his contract. He cannot go behind the judgment, if there be no collusion, and allege that it is contrary to law. The obligation of a surety in a replevin bond is an obvious illustration of this doctrine. So here, the true question is, whether the obligation of the sureties in the injunction bond or undertaking is of that character; and I am of opinion that it is. The reference contemplated is to be had in the suit instituted by their principal, and in which the injunction was obtained, or at all events it is to be a proceeding supplementary to that suit. It is a reference between the principal and the opposing party. I do not doubt that the court may, if deemed expedient, direct that the sureties be notified of the proceedings. The surety, I do not question, may even be heard on an application to set aside the report and to send it back for correction if it be wrong. But these are questions of practice which address themselves to the discretion of the court in which the pro-

ceedings are had.  The want of notice is not a jurisdictional defect.  The sureties cannot go behind the report, when finally made and duly confirmed, because they have, by their contract, engaged to pay the damages occasioned by the injunction, to be ascertained in that precise manner.

The judgment should be affirmed.

JOHNSON, Ch. J., SELDEN, ROOSEVELT and STRONG, Js., concurred; except that some dissenting from so much of the opinion as suggested that an undertaking to indemnify against damages is necessarily to be required from a party obtaining an order to show cause and in the meantime restraining the opposite party, the Court reserved its opinion upon this point.

HARRIS, J., also delivered an opinion, agreeing, as to the law, with that of COMSTOCK, J., except in regard to the conclusiveness, upon the sureties, of the referee's assessment of damages where they have no opportunity to be heard in that proceeding.  He, however, construed the Case (which was very obscure) otherwise than the majority of the court, in respect to the facts ; conceiving it to show that no injunction was obtained after the preliminary restraint in the order to show cause.  Upon the ground that the undertaking never took effect, as it referred to an anticipated injunction which was never granted, he was for reversing the judgment, and DENIO and PRATT, Js., concurred with him.

Judgment affirmed.