## SUPREME COURT.

SAMUEL D. HOVEY and another agt. RUBBER TIP PENCIL
COMPANY and others.

*Damages on dissolution of injunction — sureties not liable.*

Where damages are assessed on the dissolution of an injunction, judgment cannot be entered against the *sureties* on such assessment. They are not necessarily parties to that proceeding and the assessment may be made without notice to them.

*It seems*, that an action upon the undertaking is the only mode in which the sureties can be charged.

*At Chambers, July,* 1874.

THE plaintiffs originally obtained an injunction, which was, on motion, dissolved and the action subsequently discontinued.

The defendants then obtained an order of reference, to assess the damages sustained by them by reason of the injunction. The referee reported their damages at the sum of $650, and, on motion, his report was confirmed with ten dollars costs. An order was then entered, confirming the report and directing judgment to be entered against the sureties for $660, which was done.

The plaintiffs then moved to modify this order by striking out that part of the order which directed a judgment to be entered against the sureties—and also to vacate and set aside the judgment which had been entered against them.

*Ambrose Monell,* for the motion.

There is no power in the court to direct a judgment against the sureties on an undertaking given on obtaining an injunction, citing *Lockwood* agt. *Safford* (1 *Georgia. R.*, 72); *Higgins* agt. *Allen* (6 *How. Pr. R.*, 30); *Griffin* agt. *Slate* (5 *How. Pr. R.*, 205); *Bein* agt. *Heath* (12 *How. U. S. R.*, 168); *Wilde* agt. *Joel* (15 *How. Pr. R.*, 320); *Fitzpatrick* agt. *Flagg* (12 *Abb. Pr. R.*, 189); *Wait's Practice, vol.* 2, *p.* 125; *Patterson* agt. *Blonner* (6 *Abb. Pr.* [*N. S.*], 446); *S. C.* (7 *Abb. Pr.* [*N. S.*], 376, *and* 9 *Abb. Pr.* [*N. S.*], 27); *Leavitt* agt. *Dabney* (40 *How. Pr. R.*, 277).

The sureties are not before the court, except to the extent to which they have assented, *i. e.*, to the method of *ascertaning* not *recovering* the damages. The statute cannot be stretched. No such rule existed *before* the Code, and it is certain that no express provision is contained in it to justify such a proceeding.

*John S. Washburn*, opposed.

The reference takes the place of an action on the undertaking and is fully justified by authority (*Russell* agt. *Elliot*, 2 *Cal. R.*, 215; *Willet* agt. *Scoville*, 4 *Abb. Pr. R.*, 405; *Hoffman's Provisional Remedies*, 322).

LAWRENCE, *J.*—An examination of the authorities cited on the motion to strike out the last paragraph of the order, entered herein July 9, 1874, which directs the entry of judgment against Cogswell and Friedlander, the sureties on the undertaking given at the time the injunction was granted, has convinced me that the portion of the order referred to was erroneous, and that that portion of said order should be stricken out and the judgment entered thereon vacated.

The precise point involved here was presented in the court of common pleas, in the very recent case of *Troxell* agt. *Haynes.* DALY, C. J., delivering the opinion at special term, in that case, says: " There was no authority to enter

up judgment upon the referee's report of the damages which the defendants have sustained by reason of the injunction; nor, when the referee's report is confirmed, is there anything in the 222d section of the Code *authorizing the entry of a judgment for the amount against the sureties.* * * *

"The sureties are not necessarily parties to that proceeding, and the assessment may be made without notice to them (*Methodist Churches* agt. *Barker,* 18 *N. Y.,* 465); and, where the report is confirmed, it is conclusive upon them as to the *extent* of the damages, but there is, for all I know, no way in which byond this the sureties can be charged, *except by an action upon the undertaking.*".

This case seems to me to be directly in point. The general term of the common pleas, on appeal, while reversing the order appealed from, on another ground, adopted the views of the chief judge on this point.

I am of the opinion, therefore, that the portion of the order referred to was erroneous, and I direct it to be stricken out and that the judgment entered thereon be vacated.

Motions granted.