Speir, J.
The undertaking upon the issuing the order of injunction was executed by the sureties alone, and not by the plaintiffs. By its terms the sureties “ undertook in the sum of five hundred dollars, that the said plaintiffs will pay to the defendant so enjoined, such damages, not exceeding the sum mentioned, as he may sustain by reason of the said injunction,” &c.
The court below decided that the obligors who executed the said undertaking pay to the defendant or his attorney, on demand, the whole amount of said damages, the sum of five hundred dollars being the amount of said damages specified in their said undertaking, together with the further sum of one hundred and twenty-five dollars, expenses of said reference, and also ten dollars costs of the motion, amounting in all to the sum of six hundred and thirty-five dollars, and that the defendant have leave, and permission was granted to prosecute said undertaking in case the said obligors shall fail to pay said sum on demand.
The question is presented whether the obligors can be forced to pay, beyond the penalty of the bond, the further sum of one hundred and twenty-five dollars, being - expenses of the reference, and the ten dollars costs of the motion, making in all fhe sum of six hundred and thirty-five dollars, while their undertaking is limited to a sum not exceeding five hundred dollars.
By the force and effect of their contract, the obligors are limited to .the-extent, of .their., engagement, for by their undertaking they engaged that the principal, who obtained the order of injunction, would pay to the parties enjoined damages not exceeding the sum of five hundred dollars, as they might sustain by reason of. the injunction, if the court should finally decide their *430 principal was not entitled to it. “ Such damage to be ascertained by a reference, or otherwise as the court should direct.” The same legal obligation which binds them to answer to the extent of five hundred dollars in the contingency named, protects them from paying a larger sum when the contingency has taken place. I am constrained to say that in any view of the defendant’s rights, they can not recover anything beyond the amount specified in the penal part of the bond. The cases cited by the respondents (Methodist Church v. Barker, 18 N. Y. 463; Patterson v. Bloomer, 7 Abb. N. S. 376; Lavett v. Dabney, 40 How. Pr. 277), do not present the precise question. In none of them does-it appear that the amount in which the obligors were sought to be held exceeded their undertaking. Besides,, where the law clearly fixes the liability of a party, as it does when the measure of the obligation is by a certain sum named in his bond, reference to authorities is not necessary. Under the authority of the case of Lavett v. Dabney (40 How. 277), judgment against plaintiff should be reversed.
The order should be reversed, with costs to the appellant to abide the event.
Sedgwick, J., concurred.
Monell, Ch. J., took no part in the consideration or decision of the case.