FREDERICK W. HOTCHKISS, APPELLANT, *v.* JOHN H. PLATT, ASSIGNEE, ETC., IMPLEADED, RESPONDENT.

*Sureties to an undertaking — right of appeal — injunction.*

Where an order directing a reference to ascertain the damages sustained by the defendant in consequence of the issuing of an injunction, requires five days' notice of the hearing to be given to the sureties upon the undertaking, which was not signed by the plaintiff, and the sureties appear before the referee and oppose the confirmation of the report at Special term, they are entitled to maintain an appeal to the General Term from the order confirming the report of the referee, although they are not parties to the action.

MOTION to dismiss an appeal from an order of the Special Term, confirming the report of a referee.

*Austin G. Fox* and *Waldo Hutchins*, for the motion.

*Thomas H. Hubbard*, opposed.

TALCOTT, J. :

This is a motion to dismiss an appeal from an order made at the Special Term of Kings county, confirming the report of a referee to whom it was referred to assess the damages sustained by the issuing of an injunction in this action.

The undertaking was not executed by the plaintiff in the action, but by Clark and Wells, as sureties for the plaintiff; and it provided that " the said plaintiff will pay to the defendant, so enjoined, such damages, not exceeding the before mentioned sum, as he may sustain by reason of the said injunction ; if this court shall finally decide that the said plaintiff was not entitled thereto, such damages to be ascertained by a reference or otherwise, as the court shall direct." The order of reference required that five days' notice of the hearing before the referee should be given to Clark and Wells, " the sureties named in the undertaking given on obtaining the said injunction." Notice of such hearing was accordingly given to the said sureties, who appeared, with their counsel, before the referee ; and witnesses were produced and examined in their behalf. After the report of the referee was made, the mat-

ter, on the motion of the sureties, was recommitted to the referee for further explanations and findings, and to annex his opinion. On the coming in of the further report the sureties filed exceptions thereto. The sureties were notified of a motion to confirm the report; appeared by counsel, on the motion to confirm, and opposed the same. The report was, however, confirmed by the Special Term, and the appeal, the dismissal of which is now moved, is from the order confirming the report of the referee. The motion to dismiss the appeal is made upon the ground that the parties, not being parties to the suit, cannot appeal; and numerous decisions are referred to, by the respondent's counsel, to establish the proposition that none but a party to a suit can appeal from any proceeding therein; without stopping to comment upon the authorities so referred to, and which certainly establish, as a general proposition, that none but a party to a suit can appeal therein, I think that, according to the practice as settled by the Court of Appeals, the appellants in this case are correct, in assuming that they are entitled to invoke the judgment of the General Term as to whether the report of the referees ought to have been confirmed. In the case of *The Methodist Churches* v. *Barker* (18 N. Y., 463, op. 466), which case involved a consideration of the rights and status of the sureties on an injunction bond, in regard to the proceedings to assess the damages thereon, COMSTOCK, J., says: "I do not doubt that the court may, if deemed expedient, direct that the sureties be notified of the proceedings. The surety, I do not question, may even be heard on an application to set aside the report, and to send it back for a correction if it be wrong; but these are questions which address themselves to the court in which the proceedings are."

These suggestions seem to be obviously just, considering that the assessment is to be conclusive upon the surety as to the amount of his liability, unless it can be impeached for fraud or collusion ; and the presumption, fairly arising from the fact that the court in making the order of reference, ordered that the sureties be notified to attend, is that they were to attend for the purpose of protecting their interests in the questions to be litigated before the referee. The sureties were heard on a motion to recommit the matter to the referee, and, on their motion, it was so recommitted. They

were also heard in opposition to the confirmation of the report. Now, if all these things were proper at the Special Term, and if the confirmation of the report there was a matter of discretion, as is conceded in the opinion in *The Methodist Churches* v. *Barker* (*supra*), then, under the more recent decisions, an appeal from the exercise of that discretion lies from the Special to the General Term. (*Matter of Duff*, 10 Abb. [N. S.], 416.) Though not strictly parties to the suit, they have, it seems, been made such by the action of the court, to a certain extent; to wit, so far forth as to enable them to be heard by counsel and by witnesses in the proceedings before the court in which the reference is pending. I think, therefore, that an appeal lies to the General Term of this court, from the exercise of the discretion of the Special Term in the confirmation of the report of the referee, and am in favor of denying the motion to dismiss the appeal, with costs and disbursements of the motion.

Present — BARNARD, P. J., and TALCOTT, J.   PRATT, J., not sitting.

Motion to dismiss appeal denied, with ten dollars costs and disbursements.