MARY A. JORDAN, Administratrix, etc., et al., Respondents, *v.* HENRY VOLKENNING, Impleaded. etc., Appellant.

The report of a referee assessing the damages in consequence of an injunction, when duly confirmed, is, in the absence of fraud, conclusive upon the sureties to the undertaking given on the granting of the injunction, although they had no notice of the proceedings. It is, however, the safer and fairer course to give the sureties notice.

A gross exaggeration of value, knowingly and willfully made by a party as a witness, in the absence of the adverse party, is sufficient evidence of fraud to invalidate a judgment or assessment of damages.

In an action, upon an undertaking given upon the granting of an injunction, to recover the damages assessed by a referee, whose report was duly confirmed, the answer alleged that plaintiffs procured the assessment by falsely and fraudulently representing that the value of the use of the premises in question was worth $4,000 per annum, when, in truth, it did not exceed $500. It appeared that the sureties to the undertaking were not notified of the proceedings to assess damages. Their principal, although notified, did not appear, and the reference proceeded *ex parte.* One of the defendants in the injunction suit was the main witness before the referee. He testified that defendants sustained damages by being kept out of possession of the land in controversy, and that the value of the possession was $4,000 per annum. On the trial of this action, a question was asked a witness on behalf of the sureties as to what was the fair value of the rental or use of the lands. This evidence was offered on the question of fraud. It was objected to and rejected, the court stating that it would allow proof of fraud, but not, in the first instance, proof that the assessment of damages was too high. *Held,* error; that the tendency of the evidence offered was not simply to prove that the damages were assessed too high, but it was to be presumed the offer was made to sustain the allegations of fraud ; and, as the evidence bore upon that question, it should have been received and its effect determined afterwards.

The papers, upon a motion of defendants to set aside the report, and an order denying the same, were offered in evidence by plaintiff and received under objection. *Held,* error ; that they were not competent to rebut evidence of fraud or to justify the rejection thereof; and, if the allegations of fraud were entirely unsustained, they were immaterial, as, in that case, the report was conclusive.

(Argued January 18, 1878 ; decided January 29, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, modifying and affirming as modified a judgment in favor of plaintiffs' intestate entered upon a verdict.

This action was originally brought by Cornelius Poillon and Alexander C. Poillon upon an undertaking alleged to have been executed by defendants, given upon the granting of a preliminary injunction in an action by one Joseph W. Bray against said plaintiffs. The original plaintiffs having died during the pendency of the action, their personal representatives, the present plaintiffs, were substituted.

The injunction enjoined plaintiffs from instituting proceedings to eject Bray from certain premises in New York

owned by plaintiffs. The undertaking was in the sum of
$2,500. The complaint alleged, and plaintiffs' evidence
showed, that the action so brought by Bray was determined
against him, the complaint being dismissed on trial. By the
judgment it was referred to a referee to assess the damages
sustained by the defendants in that action by reason of the
injunction. No notice was given to the defendants here of
the hearing before the referee. Notice, however, was given
to Bray and his counsel, but he did not appear. Upon the
reference Alexander C. Poillon was sworn as a witness, and
testified that the value of the possession of the premises
during the time the injunction was in force was $4,000 per
annum, and the referee assessed the damages at that rate.
The referee's report was confirmed without any one appear-
ing to oppose; Bray's attorneys had notice of the applica-
tion. The defendant herein alleged in his answer that the
alleged assessment of damages was procured by collusion and
fraud.

"That the said plaintiffs procured said assessment by false,
fraudulent and collusive representation and allegation on their
part that the value of the use of said premises mentioned
in said complaint was $4,000 per annum, when, in truth
and in fact, the value of the use of the same during the time
the said injunction was in force did not exceed about $500
per annum, and that the said false, fraudulent and collusive
allegations on the part of the said plaintiffs were a fraud upon
the court."

Upon the trial herein, defendants' counsel asked a witness
what was a fair price or sum for the value of the use and
occupation of the premises from July 12, 1869, to April 26,
1870, the period during which the injunction was in force.
This was objected to on the ground that the referee's report
was conclusive as to the amount of damages. The court
sustained the objection. Defendant's counsel then offered
the evidence upon the question of fraud, to which the court
responded : "I will allow you to prove fraud, but I will
not allow you in the first instance to show that the assess-

ment of damages was too high." To the rulings of the court defendants' counsel duly excepted.

Plaintiffs' counsel also offered in evidence an order of Special Term, denying an application made on behalf of the appellant Volkenning to open the assessment of damages, and for liberty to come in and defend the same, and the papers upon which the application was made; also, a General Term order affirming said Special Term order. These were objected to as improper and immaterial; the objection was overruled, and said counsel duly excepted.

In accordance with the rulings of the court, interest was allowed on the amount of the undertaking from the date of the entry of the judgment in the action by Bray. The court at General Term held that plaintiffs were not entitled to interest until the liability of the sureties was fixed by the ascertainment of the damages by the report and the confirmation thereof, and directed a reversal of the judgment, unless plaintiffs stipulated to deduct the excess of interest. The stipulation was given and the judgment modified accordingly.

*Nelson Smith*, for appellant. It was a good defense to the assessment of damages claimed on account of the injunction for the appellant to show that the same was procured by fraud or collusion. (*Dobson* v. *Pearce*, 12 N. Y., 156; *Warner* v. *Blakeman*, 4 Keyes, 487; *Annette* v. *Terry*, 35 N. Y., 256; *Borden* v. *Fitch*, 15 J. R., 151; *Lawley* v. *Hooper*, 3 Atk., 279; *Murlock* v. *Butler*, 10 Ves. Jr., 306; Park's History of Chancery, 508; 1 Story's Equity, § 187; *Buckley* v. *Starr*, 2 Day [Conn.], 553; *Cortland* v. *Underhill*, 17 J. R., 405; *Bateman* v. *Willoe*, 1 Sch. & Lef., 205; *Thomson* v. *Graham*, 1 Paige, 384; *Apthorp* v. *Comstock*, Hopk., 143; *Reigal* v. *Wood*, 1 J. Ch., 402; *Carneal* v. *Wilson*, 3 Litt., 80; *Countess of Gainesborough* v. *Gifford*, 2 P. Wms., 424: *Northrop* v. *Lane*, 3 Des., 323; *Stowell* v. *Eldred*, 26 Wis., 504; *Plagram* v. *King*, 2 Hawkes, 405; 3 G. & W. on New Trials, 1542, 1543; *Bruce* v. *Kelly*, 39 Supr. C., 27; 5 Hun, 229; *Smith* v. *Cooley*, 5 Daly, 401.)

The decision of a motion is never regarded in the light of *res adjudicata.* (*Belmont* v. *Erie R. Co.*, 52 Barb., 637; *Van Rensselaer* v. *Sheriff*, 1 Cow., 501; *Simson* v. *Hart*, 14 J. R., 75 ; *White* v. *Munroe*, 33 Barb., 650 ; *Dollfus* v. *Frash*, 5 Hill, 493; *McCanalgin's Case*, 107 Mass., 170; *Spaulding* v. *People*, 7 Hill, 301.) The court erred in excluding evidence in relation to the value of the use and occupation of the premises for which the damages were assessed. (*Leavitt* v. *Dabney*, 2 Swee., 613; *Rapelye* v. *Prince*, 4 Hill, 119; *Douglass* v. *Howland*, 24 Wend., 35; *People* v. *Downing*, 2 Sandf., 81; *Baggott* v. *Bougler*, 2 Duer, 160.)

*George H. Forster*, for respondents. This action was properly brought against appellant. (*Meth. Ch.* v. *Barker*, 18 N. Y., 463.) The report of the referee was conclusive. (*Leavitt* v. *Dabney*, 40 How., 275; 9 Abb. [N. S.], 373; *Hotchkiss* v. *Platt*, 7 Hun, 57; 8 id., 48; Code, § 222.) The defendant Poillon not having appealed from the decision of the General Term the proceedings are binding. (*Bray* v. *Poillon*, 4 T. & C., 663; *Lawton* v. *Green*, 64 N. Y., 331.) The motion to dismiss the complaint was properly denied. (*Paige* v. *Willett*, 38 N. Y., 28, 31; *Hunt* v. *Maybee*, 7 id., 266; *Decker* v. *Matthews*, 12 id., 313.) The rights of a surety on an undertaking are measured by those of his principal. (*Meth. Ch.* v. *Barker*, 18 N. Y., 463; *Lawton* v. *Green*, 64 id., 326.) The court properly denied the application of the surety to set aside the report and send it back. (2 Hun, 383, 384; *Jewett* v. *Crane*, 35 Barb., 208; *Corcoran* v. *Judson*, 24 N. Y., 106.) Even if the appellant had been misled by Bray as to the extent and character of the obligation assumed it was no defense to this action, as it did not appear that plaintiffs were parties to the fraud. (*West. N. Y. L. Ins. Co.* v. *Clinton*, 66 N. Y., 326; *Casom* v. *Jerome*, 58 id., 315–321; *McWilliams* v. *Mason*, 31 id., 294, 331.) A verdict for more than the judgment claimed in the complaint was good. (Old Code, § 275; New Code, § 1207; *Audubon* v. *Excel. Ins. Co.*, 27 N. Y., 219.)

RAPALLO, J.   The issue relating to the execution and delivery of the undertaking upon which this action is brought was properly submitted to the jury.   There was *prima facie* proof of its due execution, and the evidence on the part of the defense tending to impeach it, although strong, proceeded from interested witnesses, and was not conclusive.   The verdict cannot, therefore, be reviewed here.

Upon the authority of the *Methodist Church* v. *Barker* (18 N. Y., 463), we must hold that the report of the referee assessing the damages, having been duly confirmed, was conclusive upon the appellant, notwithstanding that he had no notice of the proceeding, and that the question of the amount of damages could not be retried in this action, unless the defendant established the allegation in his answer that the report was obtained by fraud.   The most embarrassing question arising on the present appeal is whether the evidence offered by the appellant and excluded was competent on that issue.

It appeared that the appellant had no notice of the reference and did not attend, and that his principal, the plaintiff in the original injunction suit, although notice was served on his attorney, was not represented on the hearing before the referee.   The reference proceeded *ex parte*, and one of the defendants in the injunction suit was the main witness in his own behalf.   He testified that the defendants sustained damages by being kept by the injunction out of possession of the lands in controversy from July, 1869, when the injunction was served, until April, 1870, when judgment was rendered, and that the value of such possession was $4,000 per annum during that time, and the damages were assessed on that basis.

The appellant, on the trial of this action, put the question to a witness, what was the fair value of the rental or use of the lands during the period in question?   This evidence was objected to on the ground that the report assessing the damages was conclusive, and the court sustained the objection on that ground.   The appellant then offered the same evidence on the question of fraud in the assessment of damages.   The

court, in rejecting the evidence, stated that it would allow the appellant to prove fraud, but not, in the first instance, to show that the assessment of damages was too high.

If the only tendency of the evidence offered was to prove that the damages were assessed too high, it was properly excluded. But if it tended to prove the allegations of fraud contained in the answer, we think it should have been received. The allegations of the answer are that the plaintiffs in this action procured the assessment by falsely and fraudulently representing that the value of the use of the premises was $4,000 per annum, when in truth it did not exceed $500 per annum, and we are not prepared to hold that if such a gross exaggeration of the rental value had been clearly and satisfactorily proved, it might not, in connection with the facts that the proceeding was being carried on without notice to the sureties, and in the absence of any party interested in opposing it, afford ground for the inference that advantage was taken of those circumstances, and the representation was made with fraudulent intent. A mere difference of opinion between witnesses, as to the value of the rental within a reasonable range, would not afford just ground for such an inference, but when after the evidence had been rejected as improper for the purpose of reducing the damages assessed, it was again offered on the question of fraud, we think it fair to construe the offer as being to support the allegations of fraud set up in the answer. There can be no question that a judgment or award obtained by false testimony fraudulently given by the party benefited thereby is voidable, and we think that a gross exaggeration of value, knowingly and willfully made, especially in the absence of the adverse party, would be sufficient evidence of fraud to invalidate a judgment or assessment of damages. We cannot, of course, assume that the defendant would have succeeded in establishing his allegation, neither can we assume that he would have failed, and as the evidence offered bore upon the question, we conclude that it should have been received and its effect determined afterwards.

We also think that the proceedings and orders made upon the defendant's motion to set aside the report were improperly received in evidence. If the allegations of fraud were entirely unsupported, the report was conclusive, and these proceedings and orders were wholly immaterial. If evidence of fraud was given or offered, they were not competent for the purpose of rebutting it or justifying its rejection. They did not constitute an adjudication of the rights of the parties, the orders having been made upon a motion merely addressed to the discretion of the court, and were not evidence against the defeated party upon any issue in the action.

Many of the difficulties in this case could have been avoided by giving notice of the reference to the sureties who were the parties chiefly interested; and although, under the decision in *Methodist Church* v. *Barker* (18 N. Y., 463), notice to the surety is not indispensable, it is the much safer and fairer course to give it in all such cases.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.