ALLEN BENEDICT, Appellant, v. S. MILLER BENEDICT AND KATE BENEDICT, his wife, Respondents.

*Damages on undertaking for injunction—Code, § 222—when motion premature.*

In this action brought by the plaintiff to compel the specific performance of a verbal agreement by which the defendant agreed to reconvey a farm and the personal property thereon to the plaintiff, from whom he had purchased it, but for which he had failed to pay the purchase-price, two preliminary injunctions were granted restraining defendant from incumbering the place or col-

lecting the rents. Upon the trial the referee decided that the agreement was void, but held that plaintiff had a vendor's lien on the land, which he directed to be foreclosed and ordered a sale, as in case of a mortgage, making no reference or direction as to the injunctions.

In an application against the sureties to the undertakings, given on obtaining the preliminary injunctions, for a reference to ascertain the damages sustained thereby, *held*, that the judgment did not decide that plaintiff was not entitled to the injunctions, as it was required that it should by the undertakings and by section 222 of the Code, and that the motion should be denied.

APPEAL from an order, made at a Special Term in Oneida county, appointing a referee to assess and ascertain the damages which defendant, S. M. Benedict, had sustained by reason of two preliminary injunctions granted in this action.

*Cornelius E. Stephens*, for the appellant.

*C. D. Adams*, for the respondents.

TALCOTT, P. J.:

This is an appeal from an order made at the Special Term in Oneida county, directing a reference to ascertain the damages sustained by the defendant, by reason of two certain injunctions issued in this action; the first of which injunctions restrained the defendant from selling or incumbering any of the real estate or personal property described in the complaint in the action, and the second of which injunctions restrained the defendant from selling or mortgaging any of the crops raised during the year 1876, on two certain farms in the complaint described, and from collecting the rents of the farm known as the Salmon farm during the pendency of the suit.

The action was commenced to compel a specific performance of a parol contract between the plaintiff and the defendant, S. Miller Benedict, by which the latter agreed to reconvey to the plaintiff certain farms in Lewis county with certain personal property thereon, which the plaintiff had then recently conveyed to the defendant, S. Miller Benedict, but for which the defendant had never paid the purchase-money.

The action was referred to a referee to hear, try and determine. The referee, after hearing the proofs and allegations of the parties,

made a report in which he found the fact of the verbal contract between the plaintiff and the defendant, but held the same void under the Statute of Frauds, and therefore refused to decree a specific performance thereof, but held that the plaintiff had a lien on the real and personal property described in the complaint, for the unpaid balance of the purchase-money on the sale thereof from the plaintiff to the defendant, and ordered a foreclosure and sale thereof, as upon a mortgage from the defendant to the plaintiff, but ruled and decided nothing whatsoever in terms concerning the said injunctions, or either of them. And the judgment that was entered in the action upon the order and pursuant to the report of the referee, does not in any manner refer to the said injunctions, or either of them.

The security upon the granting of the injunctions was given under section 222 of the Code of Procedure, and is conditioned, as required by that section, to pay such damages, not exceeding the amount specified therein, as the defendant may sustain by reason of the injunction, "*if the court shall finally decide that the plaintiff was not entitled thereto.*"

No such decision has yet been made, nor does it necessarily follow from anything stated in the judgment, that "the plaintiff was not entitled thereto." We think, therefore, that the motion was at least premature. *Non constat*, that the referee thought or would have held that the plaintiff was not entitled to the injunction upon the facts as found by him. He has given the plaintiff the costs of the suit, and ordered a foreclosure of the purchase-money lien with a personal judgment for the deficiency if any there shall be. According to the conditions of the undertaking, there must be a final decision — that is, one made at the termination of the action; and the decision, in order to authorize an action on the undertaking, must be in effect that the plaintiff was not at the time of obtaining the injunction, entitled thereto. (Thompson on Prov. Rem, 341, § 22; *Shearman* v. *N. Y. Central Mills*, 12 How. Pr. R., 269; *Weeks* v. *Southwick*, 12 How. Pr. R., 170; *Methodist Churches of New York* v. *Barker*, 18 N. Y., 463; *Palmer* v. *Foley*, Court of Appeals MSS., for Abstract, see 5 Weekly Dig., 474; *Leavitt* v. *Dabney*, 9 Abb. Pr. [N. S.], 373.)

The order appealed from should be reversed, with ten dollars costs and disbursements.

Present — TALCOTT. P. J., SMITH and HARDIN, JJ.

Order appealed from reversed, with ten dollars costs and disbursements.