L. C. MITCHELL v. J. W. SULLIVAN, et al.

INJUNCTION BOND, *Action Upon, When.* Where a plaintiff, on commencing a suit and obtaining a temporary injunction, gives an undertaking to secure to the party injured the damages he may sustain if it be finally decided that the injunction ought not to have been granted, and subsequently appears in court and dismisses the action without prejudice to a future action, and the court enters judgment dismissing the action, such judgment is equivalent to a final decision by the court that the plaintiff was not entitled to the temporary order of injunction, and after the judgment an action lies upon the injunction undertaking.

*Error from Greenwood District Court.*

APRIL 7, 1882, *Sullivan* obtained from the judge of the district court, at chambers, a temporary injunction restraining *Mitchell* from proceeding further with the construction of a certain school house in District No. 85, in Greenwood county. On the 4th of May following, *Sullivan*, at his costs and before answer, dismissed the action in which the foregoing injunction

was granted, and without prejudice to a future action. There-after *Mitchell* brought an action against *Sullivan* and his sure-ties, on the undertaking executed to obtain the injunction aforesaid. At the December Term, 1882, the district court sustained a general demurrer to the petition, and gave judg-ment accordingly for defendants. *Mitchell* brings the case here.

T. L. *Davis*, for plaintiff in error.

*Peyton, Sanders & Peyton*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action upon an undertaking executed by the defendant to obtain a temporary injunction. The district court sustained a demurrer to the petition, upon the ground that, as the case in which the temporary injunction was granted was dismissed before answer at the costs of the plaintiff therein, and without prejudice to a future action, it had not been finally decided that the injunction ought not to have been granted, and therefore that the petition did not state facts sufficient to constitute a cause of action.

The ruling of the court below was erroneous, as in our judgment the discontinuance of the action by the plaintiff was not only a confession that the temporary injunction ought not to have been granted, but was a final decision that he was not entitled to the injunction. When a petition or action is dismissed, in strictness the injunction falls *ipso facto,* and therefore when the cause was dismissed the temporary injunc-tion fell with it, and no motion or order was needed to dissolve it. If the district court upon a hearing had dissolved the injunction, we think it would be conceded that the court had finally decided that the injunction ought not to have been granted. As the judgment of dismissal terminated the pro-ceedings, and had the same effect upon the rights of the parties as if a motion to dissolve the injunction had been sustained, and as the judgment of dismissal was the final action of the court so far as the temporary injunction was concerned, this

was equivalent to a final decision by the court that the plaintiff was not entitled to the injunction order. While the dismissal of the case without prejudice does not preclude a plaintiff from bringing a new action, the dismissal ends and disposes of the order of injunction allowed at the commencement thereof, or granted during the litigation, as the order cannot be revived or renewed at the mere will of the plaintiff. If the plaintiff brings a new action and seeks to restrain the commission or continuance of some act, the commission or continuance of which during the litigation will, as he alleges, produce injury to him, he must make a showing *de novo* for any new temporary injunction or restraining order. (*Carpenter v. Wright,* 4 Bosw. 655; *Company v. Leuling,* 7 Abb. N. S. 37; *Cunningham v. White,* 45 How. Pr. 486; *Dowling v. Polack,* 18 Cal. 625; *Loomis v. Brown,* 16 Barb. 325; *Sherman v. Central Mills,* 11 How. Pr. 269; *Coates v. Coates,* 1 Duer, 644. See also *Marbourg v. Smith,* 11 Kas. 554; *Fox v. Hudson,* 20 id. 247.) If the law were otherwise, a party might commence his action, obtain a temporary injunction, execute his undertaking, put the defendant to great trouble, inconvenience, and expense, and then after all the evidence in his case was presented, relieve himself from liability upon the injunction undertaking by simply dismissing his action before the final submission of the case to the jury, or to the court. In such a case the undertaking would be no protection to a defendant, and the statute ought not to be construed to permit such a hardship, if any other construction is reasonable, and within the spirit of the law.

The judgment of the district court will be reversed, and the cause remanded with direction that the demurrer to the petition be overruled.

All the Justices concurring.