## DAN. JONES *et al.* v. T. D. ROSS *et al.*

1. DAMAGES — *Action Too Soon.* An action for damages growing out of a suit for a perpetual injunction, commenced before final judgment in the injunction proceeding, is prematurely brought, and cannot be maintained.

2. CORPORATE EXISTENCE, *Denial of — Necessity of Proof.* When the answer denying the allegations of corporate existence and the execution of written instruments contained in the petition is verified, they must be proved upon the trial; and it is error, with such an answer in the case, to render judgment against a corporation without any proof of its corporate existence; and it is also error, with a verified answer on file, to receive in evidence written instruments without any proof of their execution.

*Error from Hamilton District Court.*

THE opinion states the case.

*Smith & Solomon*, for plaintiffs in error.

Opinion by STRANG, C.: August 28, 1888, Dan. Jones obtained from the probate judge of Hamilton county an order of injunction restraining the defendants, T. D. Ross and J. W. Phillips, and one David Kraemer, from enforcing a judgment rendered before a justice of the peace in said county, in favor of Ross and Allen and against said Dan. Jones. To obtain the order of injunction, Jones, as principal, and the Coolidge State Bank and T. H. Curren, as sureties, executed and filed with the district court a bond to the defendants in the injunction proceeding, in the sum of $500, to pay all damages the defendants should sustain by reason of said injunction proceeding. While the order of injunction was in force, Ross and Phillips violated its provisions, on account of which a warrant was issued, upon which they were arrested and placed in custody of an officer, who for 16 days nominally held them in charge. On the 24th of November, 1888, a motion to vacate the injunction order was heard by Hon. A. J. Abbott, judge of the district court of said county, at his chambers, at Garden City, in Finney county, and said motion was sustained and said order of injunction vacated. Afterward, December 5, 1888, this suit was instituted to recover damages alleged to have been sustained by the plaintiffs below, on account of said injunction proceeding. A petition was filed alleging the injunction proceeding, that the Coolidge State Bank was a corporation, and the damages sustained, and setting up the bond in the injunction proceeding. A general denial was filed and verified.

On the trial, which was had by the court without a jury, the defendants not being represented, the petition, bond and journal entry in the injunction proceedings were introduced to support the allegations of the plaintiffs' petition. The plaintiffs then testified in relation to their damages. They claimed as damages $5 each per day for the time they were under arrest for violating the order of injunction issued by said probate

judge, amounting to $160; $50 attorney's fee for vacating the injunction; $15 traveling expenses in connection with the vacating of said order, and $275 for loss of business during the period they were in custody under arrest, amounting in all to $500. They alleged that the Coolidge State Bank was a corporation, but they offered no proof on the subject, nor did they prove the execution of the injunction bond offered in evidence. There is nothing in the record to connect the defendant Borders with the case, either in the pleadings or in the evidence, except that he is named as a defendant in the title of the case. Judgment was rendered for the plaintiffs for $240, on a general finding of the court in favor of the plaintiffs. A motion for a new trial was filed, which was argued and overruled, and the case comes here for review.

The injunction complained of in this case was allowed as a provisional remedy. It was a suit to perpetually enjoin the collection of a judgment, and there is nothing in the record to show that it has ever been brought to a final trial. The temporary injunction was vacated, on motion, at chambers. This court, in *Brown v. Smelting Co.*, 32 Kas. 528, says:

"In a suit for a perpetual injunction, a right of action does not accrue on an undertaking given on the issue of a temporary injunction or restraining order until a final judgment in the suit in which it was issued was rendered; and suit commenced on such undertaking before such entry of judgment is prematurely brought, and cannot be maintained."

Again, the petition in the case alleges that the Coolidge State Bank is a corporation, and sets up the injunction bond filed in the injunction proceeding complained of, and the journal entry of the vacation of said injunction. The answer in the case was verified. No proof was offered in support of the allegation that the Coolidge State Bank was a corporation; nor was the execution of the injunction bond proven; and the alleged journal entry of the vacation of the injunction at chambers was not in any way identified. The answer being verified, no judgment could be obtained against the bank without proof of its incorporation. No proof being offered of the ex-

ecution of the injunction bond, it could not properly be received in evidence for any purpose. The action, being based upon the injunction bond, failed when proof of the execution of said bond failed. And lastly, the journal entry of the vacation of the injunction not being identified, there is nothing in the record to show that the injunction is not still in force, and certainly an action for damages based upon an injunction wrongfully allowed cannot be maintained while such injunction remains untried and still in force. We do not think it necessary to say anything about the character of damages claimed and received.

We recommend that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.