No. 19,962.

F. W. HEATON, *Appellant*, v. JOHN H. BURNSIDE and R. J. TERWILLIGER, *Appellees.*

### SYLLABUS BY THE COURT.

INJUNCTION—*Restraining Order Rightfully Issued—No Liability on Injunction Bond.* In an action for specific performance an injunction was granted restraining the disposition of property. The bond was conditioned for the payment of damages if it were decided the injunction ought not to have been granted. Subsequently the injunction was modified and a portion of the property was released, not because the injunction was wrongfully issued, but because the plaintiff could be protected and the defendant advantaged. The defendant disposed of all the property, the remedy of specific performance became valueless, the action proceeded as one for damages, and the plaintiff recovered. In an action for damages for breach of the injunction bond the records in the specific-performance action showing the foregoing facts were made a part of the petition. *Held,* no breach of the bond was disclosed and a demurrer to the petition was properly sustained.

Appeal from Seward district court; GEORGE J. DOWNER, judge. Opinion filed March 11, 1916. Affirmed.

*F. S. Macy,* of Liberal, for the appellant.

*William Easton Hutchison,* and *C. E. Vance,* both of Garden City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one on an injunction bond conditioned for the payment of damages if it were decided that the injunction ought not to have been granted. A demurrer was sustained to the petition and the plaintiff appeals.

The plaintiff, Heaton, contracted to sell to the defendant, Burnside, two hundred tons of hay, and to grant Burnside a variety of valuable privileges not now material. The hay was in stacks which were to be measured by a certain rule. The sale included five specified stacks. The remainder of the two hundred tons was to be chosen by each party, stack and stack about. Burnside brought an action for specific performance of the contract and secured a restraining order preventing

Heaton from disposing of any of his hay, amounting altogether to some three hundred and fifty tons. The bond was given in connection with this order. Thirteen days later the district court modified the restraining order by releasing all hay except two hundred tons, including the five particular stacks, the remainder of the two hundred tons to be average hay. When the specific-performance action came on for trial Heaton had disposed of his hay, specific performance was no longer possible, and it was stipulated the action should proceed as one for damages. The result was a judgment in favor of Burnside for $450.

In this action the records and files of the specific-performance suit were referred to and made a part of the petition. The damages claimed were for a fall in the price of hay within the thirteen days the restraining order stood unmodified, and for attorney fees and expenses.

It is said that the modification of the restraining order constituted an adjudication that the order was wrongfully granted. Instead of this, the modification in effect merely made the choice of stacks of hay, which the parties to the contract were entitled to make, by giving Burnside the five stacks and enough average hay to bring the quantity up to two hundred tons, and released the remainder. Under the contract Burnside had the right to choose from all Heaton's hay and was entitled to have all the hay kept subject to his choice of stacks. When the court in furtherance of justice gave Burnside a sufficient quantity of average hay in place of hay of his own choosing, it did not follow that the order restraining disposition of all the hay was wrong or improvident. There can be no doubt of this, because the district court has in effect interpreted its order modifying the restraining order. After the proceeding to modify had been concluded a journal entry was prepared and filed reciting that the restraining order had been wrongfully obtained. When the matter was called to the court's attention it corrected the journal by striking out the recital that the restraining order had been wrongfully obtained.

It is said that when Burnside elected to proceed as if the specific-performance suit were simply one for damages his conduct amounted to an abandonment of the cause of action to

which the injunctive relief was an incident, and to a confession that the restraining order was wrongfully obtained. (See, *Tullock v. Mulvane*, 61 Kan. 650, 60 Pac. 749.) The journal entry of judgment, however, shows that the hay had been disposed of and could not be delivered. Consequently Burnside had no election between specific performance and damages, but was obliged to accept the remedy by way of damages in lieu of the remedy by specific performance which he desired. The final judgment was, as has been stated, in favor of Burnside and not of Heaton.

Since the petition failed to disclose a breach of the bond, the demurrer was properly sustained and the judgment of the district court is affirmed.