No. 27,961.

S. A. Bowman et al., *Appellees*, v. J. C. Hopper, C. M. Cook, S. F. Beardslee and H. C. Taylor, *Appellants*.

(265 Pac. 743.)

SYLLABUS BY THE COURT.

1. INJUNCTIONS—*Damages for Wrongful Issuance—Evidence.* In an action to recover damages for the wrongful issuance of an injunction, the evidence considered and held sufficient to support a general judgment for the plaintiff, which included a finding that the injunction remained in force and effect until its dissolution at the end of the lawsuit.

2. SAME—*Amount of Award—Evidence.* And further, the evidence was sufficient to sustain the judgment for the amount of damages awarded.

3. SAME—*Wrongfully Enjoining Execution—Effect of Bankruptcy Proceedings.* The filing of a petition in bankruptcy by one of the judgment debtors nine months after levy of the enjoined execution was not a defense to the present action for damages.

4. SAME—*Generally.* Various other alleged errors and objections to the judgment considered and held not to require a reversal.

Appeal from Ness district court; Roscoe H. Wilson, judge. Opinion filed April 7, 1928. Affirmed.

*Frank L. Martin* and *James N. Farley*, both of Hutchinson, for the appellants.

*W. J. Pirtle*, of Council Grove, for the appellees.

The opinion of the court was delivered by

Hopkins, J.: The action was one to recover damages for the wrongful issuance of an injunction. Plaintiff prevailed and defendants appeal.

The facts substantially are these: Plaintiffs secured a judgment

Appeal and Error, 4 C. J. p. 1163 n. 20. Injunctions, 32 C. J. pp. 456 n. 75, 463 n. 46.

in Morris county against J. C. Hopper and W. I. Bowman. Execution was sent to Ness county, where a levy was made on some three thousand dollars' worth of personal property. It was advertised by the sheriff, but before the sale J. C. Hopper filed an injunction action restraining and enjoining the sale of the property. While the injunction action was pending and some nine months thereafter, W. I. Bowman, one of the defendants under the original judgment in Morris county, filed a petition in bankruptcy. The plaintiff, S. A. Bowman, who was restrained and enjoined from selling the property above mentioned, attended court in Ness county and endeavored to have the injunction suit disposed of. It was eventually dismissed and the injunction dissolved in 1925. The present action was then brought against J. C. Hopper and his bondsmen for damages for having procured the injunction preventing the sale of the property first mentioned. Trial resulted in a judgment for plaintiffs, from which defendants appeal, contending that a restraining order issued at the commencement of the proceedings was effective for a few days only; that the record fails to show issuance of an injunction; fails to show filing of any motion to dissolve the restraining order or injunction; that the legal title to the property levied upon was in C. L. Wiehl, president of a bank in St. Joseph, by virtue of certain notes and chattel mortgage held by him; that the judgment in the W. I. Bowman bankruptcy proceedings is *res adjudicata* as to the present plaintiffs, and that the alleged damages were not a sufficient basis for recovery.

While the evidence disclosed by the record is meager, it appears to simply and clearly dispose of the various contentions of the defendants. It shows that on March 12, 1923, a restraining order was issued upon a bond being furnished, signed by Hopper, Cook, Beardslee and Taylor. The bond was approved March 13, 1923. The execution was returned to Morris county and filed April 4, 1923, with the return of the sheriff: "No sale; injunction issued by J. C. Hopper on goods unsold." Bowman testified that from the filing of the suit by Hopper until September, 1925 (with the exception of the term in February of that year), he attended all terms of court and endeavored to get the cause heard; that the court dismissed the injunction suit September 25, 1925, and the restraining order was dissolved. He showed employment of counsel and his expenses in attending court. As to whether or not the injunction continued in force, the record discloses:

"MR. PIRTLE (counsel for plaintiff): I want to introduce the files in case No. 3274, in which the injunction was granted. There is no objection to that?

"MR. FARLEY (counsel for defendants): No; if that is the injunction case.

"MR. PIRTLE: I want to introduce part of the clerk's record showing this was dissolved on September 25, 1925. Do you have any objection to that?

"MR. FARLEY: No; if that is what the record shows.

"MR. PIRTLE: That is what the record shows. It is admitted that the injunction was dissolved on September 25, 1925, and the case dismissed. I want to introduce as part of the evidence, plaintiff's exhibit 'D,' which is the notice to Hopper, Cook, Beardslee and Taylor, served on them by W. J. Pirtle March 19, 1927. Do you want to look at it?

"MR. FARLEY: That is all right."

The parties might have introduced other and further testimony showing the existence of the injunction. It appears, however, to have been understood and conceded by both sides that the injunction was in force and effect until its dissolution and dismissal of the case in September, 1925. While a restraining order does not technically operate as a temporary injunction (except for the briefest practical time, to be followed up with a hearing for a temporary injunction), yet by neglect of the party who procured the restraining order to follow it up or by reason of inaction on the part of the court itself, the restraining order may become, in effect, a temporary injunction, which it appears to have done in the case at bar.

A contention by the defendants that the property levied on under the original execution was not subject to levy because there was a chattel mortgage upon it cannot be sustained. After the original judgment was obtained by plaintiffs in Morris county and levy made in Ness county, defendant Hopper commenced the injunction action, claiming the property levied upon was his. He procured the injunction and prevented the sale of the property by that claim. After dissolution of the injunction in September, 1925, and dismissal of the injunction action, another execution, issued from Morris county under the original judgment, was levied upon a considerable part of the same property belonging to Hopper and which remained in Ness county.

A contention that the proceedings in the district court were stayed by bankruptcy proceedings of W. I. Bowman cannot be sustained for the reason that plaintiff's original judgment in Morris county had been obtained, execution issued and levied on property in controversy and sale advertised and enjoined nine months previous to the filing of the bankruptcy proceedings of W. I. Bowman.

Whiteker v. Wichita Rld. & Light Co.

Various other objections to the judgment have been considered, and while, as above stated, the record is meager, there appears sufficient evidence to sustain the findings of the trial court, and no error appears which would warrant a reversal.

The judgment is affirmed.