No. 42,470

THE CITY OF WICHITA, KANSAS, a Municipal Corporation, *Appellant*, v. JACOB G. KRAUSS, *Appellee*, MARYLAND CASUALTY COMPANY, a Corporation, Injunction Bond Surety, *Appellant*.

(378 P. 2d 75)

Opinion filed January 26, 1963.

*James R. Hanson,* of Wichita, argued the cause, and *Fred W. Aley, Paul J. Donaldson, Robt. B. Morton,* of Wichita, and *J. Rodney Stone,* of Newton, were with him on the briefs for appellant, The City of Wichita, Kansas. *William P. Thompson,* of Wichita, was on the briefs for appellant, Maryland Casualty Company.

*Kenneth G. Speir,* of Newton, argued the cause, and *Vernon A. Stroberg, Herbert H. Sizemore* and *Richard F. Hrdlicka,* of Newton, were with him on the briefs for appellee, Jacob G. Krauss.

The opinion of the court was delivered by

FATZER, J.: This appeal is from a judgment assessing damages on a temporary injunction bond. The action out of which it arises was commenced by the city of Wichita in September, 1956, for a tempo-

rary and permanent injunction enjoining the appellee, Jacob G. Krauss, from interfering with the installation of a pipeline in the city's right of way and easement across his land.

The petition alleged an easement and right of way had previously been acquired by the city in condemnation proceedings which set forth its public use as being,

"for the purpose of laying, installing, constructing, maintaining and operating pipes, lines, mains, valves, manholes, valve structures, electric transmission, control and communication circuits, and other appurtenances necessary for the construction, extension and improvement of the water supply and waterworks system of the City of Wichita, Kansas, for use in supplying said city and its environs and the inhabitants thereof with water."

It was further alleged the condemnation proceedings were valid and proper in all respects and the location of the easement and right of way was specifically described.

A full scale hearing on the issuance of the temporary injunction was had and both the city and the appellee presented evidence. The appellee took the position that because tract No. 15 which described the right of way across his land referred only to the installation of an air inlet and relief manhole and not to the entire pipeline, the city had no right to install a pipeline, hence, the injunction should not issue. After hearing all the evidence, the court ordered that the temporary injunction should issue upon the city's filing a statutory bond in the amount of $5,000. Accordingly, the city filed its statutory bond with the appellant, Maryland Casualty Company (Maryland) as surety, and the temporary injunction issued enjoining the appellee from interfering with the city's right of possession and with the installation of the pipeline. Thereafter, the appellee filed a motion to modify the temporary injunction on various grounds including, again, the ground that the right of way had been condemned only for an air inlet and relief manhole. That motion was overruled in its entirety. The appellee filed a demurrer to the city's petition, which was overruled. Thereafter, he answered and the city filed its reply.

On June 4, 1957, the case was fully tried by the court on its merits and the court took the matter under advisement until February 28, 1959. On that date, and during the February 1959 term, the district court advised counsel by letter that "it is the finding and judgment of the court that this case is moot and the action should be and is dismissed. Costs taxed to plaintiff." That ruling was journalized as of March 2, 1959, in a journal entry which

was not submitted to counsel for the city for approval. In the judgment of dismissal, the court found that the temporary injunction heretofore issued "should be, and the same hereby is, dissolved, vacated, set aside and held for naught"; that the cause "be, and the same hereby is, dismissed," and that "all costs herein should be, and they are, taxed against the plaintiff."

On March 7, 1959, and during the February 1959 term, the appellee filed a "Motion to Vacate Order of Dismissal" of March 2, 1959. The motion was not heard or ruled upon during the February 1959 term. On July 13, 1959, and during the May 1959 term, the court heard and sustained the appellee's motion and found that the city's installation of the water transmission line was wrongful and violated the appellee's rights and that he should be awarded judgment on all issues against the city. The court retained jurisdiction of the cause for the purpose of assessing damages sustained by reason of the wrongful issuance of the temporary injunction and the wrongful act of installing the water transmission line on the appellee's property. A journal entry specifying the court's judgment was not filed until September 17, 1959.

On July 16, 1959, and during the May 1959 term, the city filed motions for a new trial and to vacate the court's order and judgment of July 13, 1959. Thereafter, it perfected an appeal to this court from the order and judgment of July 13, 1959, when it appeared that its motions for a new trial and to vacate would not be heard within 60 days. The court heard the city's motion to vacate on September 17, 1959, and it sustained the motion and vacated and set aside the order and judgment rendered on July 13, 1959.

On January 6, 1960, the city dismissed its appeal in this court and the mandate was spread of record in the district court on February 4, 1960. On February 8, 1960, the opening day of the February 1960 term, the appellee filed an unverified "Application for Assessment of Damages, Costs and Expenses on Temporary Injunction Bond." On the same day, the court, by *ex parte* order, fixed the date for the ascertainment and awarding of damages, costs and expenses by reason of the issuance of the temporary injunction. The *ex parte* order directed the clerk of the district court to notify the city and Maryland of the time and place of the hearing.

The city and Maryland appeared specially on motions to quash the purported service of notice of the hearing of appellee's application. Both motions were overruled, and answers were filed by

the city and Maryland. After reply, the appellees' application was heard on November 22, 1960, at which time motions to dismiss by the city and Maryland were overruled. The appellee offered expert testimony to the effect that a minimum attorney fee for his counsel would be $2,600 and he testified he employed his counsel with no fixed fee but the arrangement was "a fair consideration of the amount of time that would be spent and so forth." The appellee further testified that he had cashed checks from the condemnation proceedings in excess of $6,000. Over objections by the city and Maryland, the appellee's expert witness was permitted to testify that the minimum damage to his land by reason of the installation of the water transmission line was $5,000. Demurrers to the evidence were overruled and the court entered judgment against the city and Maryland for $5,000, of which amount $2,600 was allocated as attorney fees for appellee's counsel. Motions for a new trial were overruled, and this appeal followed.

The appellants first contend that the district court no longer had jurisdiction of the parties or the subject matter following the dismissal of the action on March 2, 1959, and the ending of the February term on May 10, 1959, and all further proceedings had therein were void and of no effect. The point is well taken. The court on its own motion found that the case was moot and dismissed the action apparently under the authority of *City of Wichita v. Bumm,* 183 Kan. 647, 331 P. 2d 301. While appellee filed his motion on March 7, 1959, to vacate the order of dismissal, the motion was not heard or acted upon until July 13, 1959, during the May 1959 term of court. An order dismissing an action is a judgment as defined in G. S. 1949, 60-3101 (*Mahoney v. Stavely,* 160 Kan. 792, 796, 165 P. 2d 230), and the rule is well settled that when a final judgment is rendered in one term of court, a motion to modify and vacate that judgment when filed at that term is addressed to the sound discretion of the district court. If it is not acted upon at the term of court in which the judgment is rendered, the motion is deemed to be overruled and its pendency does not confer jurisdiction on the court to modify or vacate the judgment at a subsequent term. (*Hoffman v. Hoffman,* 156 Kan. 647, 135 P. 2d 887; *Smith v. Kansas Transport Co.,* 172 Kan. 26, 238 P. 2d 553; *Buchanan v. Lambdin,* 176 Kan. 62, 269 P. 2d 443; *Voth v. Thompson,* 178 Kan. 539, 543, 289 P. 2d 733; *Smith v. Smith,* 186 Kan. 728, 731, 352 P. 2d 1036.) In accordance with the foregoing rule, the district

court correctly held in its order of September 17, 1959, vacating its order of July 13, 1959, that it was without authority to vacate the judgment at the May 1959 term and the original judgment of March 2, 1959, dismissing the action retained its validity. Thus the case stood dismissed as moot, with cost taxed to the city of Wichita.

The appellee contends that the order of dismissal of March 2, 1959, judicially determined the fact that the temporary injunction was wrongfully issued, and cites and relies upon *Tullock v. Mulvane,* 61 Kan. 650, 60 Pac. 749. The contention is not persuasive. There was no finding that the temporary injunction was wrongfully issued in the judgment of dismissal. On the contrary, it was originally determined that the temporary injunction should issue and that determination was never altered. Despite the appellee's subsequent application to modify the temporary injunction on the grounds that the city was not warranted under the easement and right of way secured in the condemnation proceedings to install the water transmission line, his application was overruled in its entirety and thereafter the case was fully tried on its merits. In the Tullock case it was held that a party cannot wrongfully sue out an injunction against his adversary and escape responsibility for the damages which consequently follow by voluntarily dismissing his action in anticipation of an adverse decision. But the plaintiff did not dismiss the action; it was dismissed on the court's motion, and it would be a strange construction indeed to say that the judgment of dismissal carried with it a judicial finding that the temporary injunction was wrongfully issued. Moreover, the appellee's argument that the city made the question moot by installing the pipeline is not persuasive. The appellee could have prevented the result of mootness by an appeal from the temporary injunction (*Bumm v. Colvin,* 181 Kan. 630, 637, 312 P. 2d 827), but no appeal was taken.

This brings us to the proceeding commenced on February 8, 1960, after the passage of two more terms of court. The appellee's application was nothing more than an attempt to alter and modify the judgment which had already been rendered in the action and which had finally determined the rights of the parties. The application was not filed pursuant to G. S. 1949, 60-3007 and 60-3011 to vacate or modify the judgment of March 2, 1959, and it contained none of the grounds for revision of judgments set forth in the statute. Hence the proceedings and the judgment rendered upon the application were void and of no force and effect.

It is evident the appellee has misconceived his remedy. Ordinarily where a defendant who has been temporarily enjoined wishes to recover upon the injunction bond he has been required to file a separate action and has not been permitted to present his claim in the original case. The rule was early recognized in *Underhill v. Spencer*, 25 Kan. 71, wherein the court said:

". . . But the damages which flow from an injunction order are sustained after the suit is commenced and order made. They are not strictly assessable in that action, but only in a subsequent suit. And that suit is simply on the bond for damages. It is an independent action, but an outgrowth of and founded upon the injunction action. . . ." (l. c. 73.)

That rule has been approved in a long list of cases, a few of which are *Loofborow v. Shaffer*, 29 Kan. 415; *Mitchell v. Sullivan*, 30 Kan. 231, 1 Pac. 518; *Jones v. Ross*, 48 Kan. 474, 29 Pac. 680; *Heaton v. Burnside*, 97 Kan. 453, 155 Pac. 935; *Bowman v. Hopper*, 125 Kan. 680, 265 Pac. 743; *Messmer v. Kansas Wheat Growers Ass'n*, 129 Kan. 220, 282 Pac. 728, and *Kennedy v. Liggett*, 132 Kan. 413, 295 Pac. 675.

The appellee cites and relies upon *Texas Const. Co. v. H. & P. E. Local Union No. 101*, 180 Kan. 393, 304 P. 2d 498, to sustain the proceedings commenced February 8, 1960. The decision is not helpful. In the first place, the appellee neither alleged nor proved that the temporary injunction was wrongfully issued. None of the appellee's evidence remotely established that fact; it dealt only with expert testimony for attorney's fees and for permanent damage to his land caused by the city's installation of the pipeline. In the second place, this court determined as a matter of law in the Texas case, *supra*, that the temporary injunction was wrongfully issued and the proceedings for assessment of damages on the temporary injunction bond were commenced before the case was dismissed. That is not the case here.

In summary, we conclude that following the judgment of dismissal of the action on March 2, 1959, the district court was without jurisdiction of either the parties or the subject matter and all further proceedings held therein were void and of no effect. There has been no judicial determination that the temporary injunction was wrongfully issued in the first instance, and it is clear to us that the district court's dismissal of the case on its own motion did not bring the city within the rule heretofore stated with respect to the dismissal of an injunction action. The procedure followed by the

appellee on February 8, 1960, for the assessment of damages on the temporary injunction bond was without authority of case law or statute and the district court acquired no jurisdiction thereby.

The judgment of the district court is reversed.